No. 85-520

IN THE SUPREME COURT OF THE STATE OF MONTANA

1986

---

JESSE A. TOAVS,

        Plaintiff and Appellant,

    -vs-

BILLINGS FEDERAL CREDIT UNION,
CLINTON VAN ATTA,

        Defendants and Respondents.

---

APPEAL FROM: District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone,
The Honorable G. Todd Baugh, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Jesse A. Toavs, pro se, Billings, Montana

    For Respondent:

        Herndon, Harper, & Munro; Scott H. Stanaway, Billings,
Montana

---

Submitted on Briefs: March 21, 1986

Decided: June 5, 1986

Filed: JUN 5 - 1986

_____
Clerk

Mr. Justice William E. Hunt, Sr., delivered the Opinion of the Court.

Jesse Toavs appeals the order of the District Court, Thirteenth Judicial District granting summary judgment for the defendants and respondents LaBonnie Realty and others. We affirm the order granting summary judgment.

Three issues are presented for our review:

1. Whether there is any genuine issue as to any material fact within the meaning of Rule 56(c), M.R.Civ.P. that the appellant received notice of the Credit Union's Motion for Summary Judgment;

2. Whether or not there is a genuine issue as to any material fact that a mechanic's lien filed by the appellant on December 6, 1984, with the County Clerk and Recorder of Yellowstone County, Montana is invalid; and

3. Whether there is a genuine issue of material fact as to whether the appellant unlawfully detained the property and thereby damaged the Credit Union to the extent awarded by the District Court.

The Billings Federal Credit Union loaned Robert and Virginia Bowman $57,000.00 to improve some real property in Billings. In the fall of 1984, the loan approached default and the Bowmans executed a Warranty Deed dated October 19, 1984 to the Credit Union, conveying the property to the Credit Union. On October 19, 1984, the Credit Union hired an appraiser who notified the Credit Union that Toavs was occupying the property. The Credit Union sent by certified mail a letter dated October 31, 1984 to Toavs instructing him to leave the property. After receiving the letter Toavs inquired about purchasing the property. He applied for a

loan from the Credit Union, but was rejected because he could not substantiate adequate income.

On December 6, 1984, Toavs filed a mechanic's lien of $6,746.00 on the property with the Clerk and Recorder of Yellowstone County, but neglected to serve a copy of the mechanic's lien upon the Credit Union. No one at the Credit Union had given Toavs permission to work on the property. The Credit Union had never received a bill for materials or labor expended on the property.

On April 16, 1985, the Credit Union served, through the constable of the Billings Justice Court, a second notice to Toavs to vacate. On April 18, 1985, Toavs filed an action in District Court with the mechanic's lien as its basis and claiming that he had an agreement with Bowmans to purchase the property. Toavs did not respond to discovery requests. The Credit Union moved for summary judgment which was granted following a hearing at which Toavs failed to appear. Meanwhile, Toavs had filed a petition in bankruptcy in the United States Bankruptcy Court. By order dated February 1, 1986, that court lifted its previous stay on the execution of the summary judgment.

The first issue presented concerns whether there is a contested issue of fact whether Toavs was properly served with the Motion for Summary Judgment. This issue is one that should have been raised before the District Court, and cannot be raised on appeal. In Re Marriage of Glass (Mont. 1985), 697 P.2d 96, 42 St.Rep. 328. We note, however, that the return of service was made by the constable.

The second issue raised by Toavs concerns the validity of the mechanic's lien. Toavs failed to respond to the Credit Union's requests for admissions. Rule 36, M.R.Civ.P.

- 3 -

provides that requests for admissions which remain unanswered are admitted for all purposes. By failing to answer, Toavs admitted: that he did not serve the Credit Union; that he had not billed the Credit Union; and that he had no permission to reside on the property. Section 71-3-513(2), MCA specifically requires that a copy of a mechanic's lien must be served upon the owner of the property in order to be valid. The District Court properly found the unserved lien invalid as a matter of law.

Toavs also contends that his occupation of the property was lawful and that the District Court erred in ordering him to vacate. We find there are no genuine issue of fact preventing summary judgment on this question. Toavs admitted he had no legal right to be on the property. The record indicates the Credit Union followed the proper statutory procedure in attempting to have Toavs quit the property. Therefore the District Court properly granted summary judgment to the Credit Union concerning Toavs' unlawful detainer.

Finally, the evidence supporting the District Court's award of damages and attorney's fees is not only substantial, but uncontroverted.

The order of the District Court is affirmed in all respects.

_____
Justice

We Concur:

_____
Chief Justice

- 4 -

_John C. Shelley_

_Paul R. Morrison_

_L.C. Gulbrandson_
_____
Justices